## LEMUEL CAPEN, JR. *vs.* BENJAMIN F. EMERY.

Where one State court is abolished, and its jurisdiction is transferred to another court, the clerk and presiding judge of the latter court are competent to authenticate the records of the former in the manner prescribed by the act of congress of May 26th 1790, so as to make them admissible in evidence in the courts of another State.   And where such clerk puts his attestation to a transcript of a judgment of the former court in another State, and annexes thereto the seal of the latter court, and the presiding judge of that court annexes thereto his certificate that such attestation is in due form, and that the former court is abolished, and its jurisdiction, records and proceedings transferred to the latter court — such certificate is *primâ facie* evidence of the correctness and sufficiency of the attestation of such clerk, and makes the record, so authenticated, admissible in evidence in this State, under the Rev. Sts. *c.* 94, § 57.

DEBT on a judgment of the court of common pleas held in the county of Kennebec, in the State of Maine, on the first Tuesday of April 1838.

At the trial, in the court of common pleas in this county, at the October term, 1841, the only question was, whether the record of the judgment declared on was so authenticated as to be admissible in evidence.

A copy of the judgment recited in the plaintiff's declaration was certified by S. A. Kingsbury, " clerk of the judicial courts for the county of Kennebec," and " the seal of the district court for the middle district " was annexed thereto.   Appended to this copy, so certified, was a certificate, under the signature of the governor and the seal of the State of Maine, that said Kingsbury, whose signature was attached to said copy, was " clerk of all the judicial courts within and for the county of Kennebec.

duly nominated, appointed, commissioned and qualified." The following certificate also accompanied the aforesaid copy of said judgment : " L. S. State of Maine. I, Asa Redington, sole judge of the district court for the middle district in said State, do certify, that Sanford A. Kingsbury, Esq. whose name is affixed to the within certificate, is clerk of all the judicial courts held within and for said county of Kennebec, in said middle district, and that his attestation to the within copy of record is in due form. I further certify, that the court of common pleas, named in said copy, has been abolished by law, and the said district court established in its stead, to which the records, proceedings and jurisdiction of said court of common pleas are transferred. In testimony whereof, I have hereunto set my hand, and caused the seal of said district court for the· middle district to be hereunto affixed this 22d day of October, A. D. 1841."

The defendant objected to the competency and sufficiency of this evidence, and the court ruled that it was insufficient, and directed the jury to return a verdict for the defendant, which they returned accordingly. The plaintiff thereupon alleged and filed exceptions to said ruling and direction.

*Putnam*, for the plaintiff, cited *Thomas* v. *Tanner*, 6 Monr. 52. *Ripple* v. *Ripple*, 1 Rawle, 389. *Snell* v. *Faussatt*, and *U. States* v. *Johns*, 1 Wash. C. C. 274, 369. *Church* v. *Hubbart*, 2 Cranch, 238. 1 Stark. Ev. 154, 252, and *notes*. Greenl. on Ev. §§ 505, 506.

No counsel appeared for the defendant.

DEWEY, J. To entitle the records of judicial proceedings in one State to be given in evidence in another, under the act of congress of May 26th 1790, they must have " the attestation of the clerk, and the seal of the court annexed, if there be a seal, together with a certificate of the judge, chief justice, or presiding magistrate, as the case may be, that the said attestation is in due form." Further provision is made by our Rev. Sts. *c*. 94, § 57, in these words : " The records and judicial proceedings of any court of another State, or of the United States, shall be admissible in evidence in all cases in this State,

37*

when authenticated by the attestation of the clerk, prothonotary, or other officer having charge of the records of such court, with the seal of such court annexed." Upon inspection of the records here offered, the only grounds of objection seem to be, that the judgment was rendered by the court of common pleas of the State of Maine, but the certificate of the judge, that the attestation is in due form, purports to be a certificate from him as judge of the district court for the middle district in said State of Maine, and the seal accompanying both the certificate of the judge and that of the clerk purports to be the seal of the district court of the middle district.

The law undoubtedly contemplates that the certificates should be from the judge and clerk of the same court in which the judgment was rendered, if such court exists. The evidence offered is apparently objectionable for variance in this particular, unless the explanatory certificate of the judge is competent evidence. If, however, we may give effect to that portion of the certificate, the objection is wholly removed ; as the judge certifies that "the court of common pleas, named in said copy, has been abolished, and the said district court established in its stead, to which the records, proceedings and jurisdiction of said court of common pleas are transferred." There can be no doubt but that in case of such transfer of jurisdiction, the judge of the substituted court, and the clerk to whom the records are transferred, are the proper certifying officers. Greenl. on Ev. § 506. *Thomas* v. *Tanner,* 6 Monr. 52. The only question is, whether the abolition of the old court, and the transfer of jurisdiction to the new, must be shown by the statute itself.

It seems to us, that the certificate of the judge, showing the transfer of the jurisdiction of the court of common pleas, and accounting for the change in the name of the court, and its change of seal, is good *primâ facie* evidence of the correctness and sufficiency of the general certificate of the clerk.

*New trial granted.*